**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

YANG ZENG, individually and on behalf all other
employees similarly situated,

Plaintiff,

- against –

USA QR CULTURE INDUSTRIAL DEVELOPMENT
LLC d/b/a Hutaoli Music Restaurant & Bar a/k/a Hutaoli,
WEI YOU a/k/a Mr. You, QUN CE LI a/k/a Jimmy Li,
JOHN "DOE" (real name unknown) a/k/a Qun Ce Li's
Partner, and SHUAI ZHANG,

Defendants.

Case No.

**FLSA COLLECTIVE ACTION**
**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff YANG ZENG ("Plaintiff"), individually and on behalf of others similarly situated,
by and through her attorneys, Seo Law Group, PLLC, upon her knowledge and belief, and as
against USA QR CULTURE INDUSTRIAL DEVELOPMENT LLC d/b/a Hutaoli Music
Restaurant & Bar a/k/a Hutaoli, (the Corporate Defendant) WEI YOU a/k/a Mr. You, QUN CE LI
a/k/a Jimmy Li, JOHN "DOE" (real name unknown) a/k/a Qun Ce Li's Partner, and SHUAI
ZHANG (the "Individual Defendants," and collectively with the Corporate Defendant, the
"Defendants") and states as follows:

<b><u>NATURE OF THE ACTION</u></b>

1.       Plaintiff brings this action on behalf of herself and similarly situated current and
former employees who work(ed) as restaurant servers at USA QR CULTURE INDUSTRIAL
DEVELOPMENT LLC d/b/a Hutaoli Music Restaurant & Bar a/k/a Hutaoli (hereafter, "Hutaoli"
or "Restaurant") located at 42 W. 33rd St., New York, NY 10001 alleging violations of the Fair
Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") for
various willful and unlawful employment policies, patterns, and/or practices.

2.     Hutaoli operates as a Chinese restaurant and the servers of the restaurant greet customers, serve various dishes upon the customers' request(s), and work as hosts as needed.

3.     Hutaoli paid Plaintiff and other similarly situated and former restaurant servers pursuant to a similar, if not the same, compensation structure.

4.     Defendants classified Plaintiff, and other similarly situated and former restaurant server employees, as non-exempt from overtime.

5.     Plaintiff, and other similarly situated and former service staff employees, worked broadly as "restaurant servers" and  were assigned various tasks at the will and pleasure of the employer to accomplish tasks as the employer saw fit from day to day, meaning that they generally serve customers in Hutaoli's dining area, such as greeting customers, delivering food dishes to the tables, hosting customers, and organizing condiments and alcoholic beverages to accommodate the customers' and the Restaurant's general needs in a timely manner as assigned by the employer.

6.     Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9.      Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York

## THE PARTIES

**PLAINTIFF YANG ZENG**

10.      Plaintiff is an adult individual residing in Kings County, New York.

11.      Plaintiff was employed by Defendants at their restaurant, Hutaoli, as a restaurant server from January 7, 2021, until approximately December 11, 2021.

12.      Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

13.      The consent to sue form for the Plaintiff is attached hereto as Exhibit 1.

**CORPORATE DEFENDANT USA QR CULTURE INDUSTRIAL DEVELOPMENT LLC ("Hutaoli")**

14.      The Corporate Defendant, USA QR Culture Industrial Development LLC is a domestic limited liability company and existing under the laws of the State of New York with a Service of Process address at 50 West 34th Street, Apt 20A3, New York, NY 10001 in the New York Department of State record.

15.      Upon information and belief, Corporate Defendant USA QR Culture Industrial Development LLC operates a Chinese restaurant located at 42 W. 33rd St., New York, NY 10001 under the name of Hutaoli Music Restaurant & Bar" and/or "Hutaoli."

16.     Upon information and belief, Corporate Defendant USA QR Culture Industrial Development LLC was organized on February 23, 2018, and filed its Assumed Name as "Hutaoli Music Restaurant & Bar" on November 16, 2020, with the New York Department of State.

17.     Upon information and belief, Corporate Defendant USA QR Culture Industrial Development LLC is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

18.     Corporate Defendant USA QR Culture Industrial Development LLC is an "employer" within the meaning of the FLSA 29 U.S.C § 203 (d) and the New York State Labor Law ("NYLL") § 2, 190, and/or 651 that runs and profits from a business operation as a restaurant at the principal place of business located at 42 W. 33rd St., New York, NY 10001.

## INDIVIDUAL DEFENDANTS

### Defendant WEI YOU a/k/a Mr. You ("Defendant Mr. You")

19.     Upon information and belief, Defendant WEI YOU a/k/a Mr. You (hereafter, "Defendant Mr. You") is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and he is sued individually. Defendant Mr. You has possessed and exercised operational control over Defendant Corporation, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular,

4

Defendant Mr. You has a prominent role in the setting of salaries for Corporate Defendant's employees and hires and fires Corporate Defendant's employees.

20.     Upon information and belief, Defendant Mr. You has ownership interest in the Corporate Defendants, and he is a manager and supervisor of all his employees and the employees of the Corporate Defendants.

21.     Upon information and belief, Defendant You is the Founder and CEO of Hutaoli.

22.     Defendant Mr. You is known to Plaintiff to be the "owner" of Defendant at Hutaoli.

23.     Defendant Mr. You is also known to Plaintiff as the "Big Boss" at Hutaoli.

24.     Upon information and belief, Defendant Mr. You manages all aspects of the Corporate Defendant's finances including handling their employees' payrolls.

***Defendant QUN CE LI** a/k/a Jimmy Li ("Defendant Jimmy Li")*

25.     Upon information and belief, Defendant QUN CE LI a/k/a Jimmy Li (hereafter, "Jimmy Li"), is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and she is sued individually. Defendant Jimmy Li has possessed and exercised operational control over Defendant Corporations. For example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant Jimmy Li has a prominent role in the setting of salaries for Corporate Defendant's employees and hires and fires Corporate Defendant's employees.

26.     Upon information and belief, Defendant Jimmy Li has ownership interest in the Corporate Defendant, and he is a manager and supervisor of all her employees and the employees of the Corporate Defendant.

27.     Defendant Jimmy Li is known to Plaintiff to be a "vice general manager" of Defendant at Hutaoli,

28.     Defendant Jimmy Li is also known to Plaintiff to be a "boss" at Hutaoli.

29.     Upon information and belief, Defendant Jimmy Li performed the same duties as the "Big Boss" whenever Defendant Mr. You was absent at Hutaoli and/or whenever Defendant Mr. You was out of state traveling to China.

30.     Upon information and belief, Defendant Jimmy Li manages and makes all business decisions of the Corporate Defendant, including, but not limited to, the hiring and firing of the employees, the amount of salary the employees receive, and the number of hours the employees work.

***Defendant JOHN "DOE" (real name unknown) a/k/a Qun Ce Li's Partner ("Defendant Li's Partner")***

31.     Upon information and belief, Defendant JOHN "DOE" (real name unknown) a/k/a Qun Ce Li's Partner (hereafter, "Li's Partner"), is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and she is sued individually. Defendant Jimmy Li has possessed and exercised operational control over Defendant Corporations. For example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant Li's Partner has a prominent role in the setting of salaries for Corporate Defendant's employees and hires and fires Corporate Defendant's employees.

32.     Upon information and belief, Defendant Li's Partner has ownership interest in the Corporate Defendant, and he is a manager and supervisor of all her employees and the employees of the Corporate Defendant.

33.     Defendant Li's Partner is known to Plaintiff to be Defendant Jimmy Li's business partner at Hutaoli.

34.     Defendant Li's Partner is also known to Plaintiff to be a "vice general manager" of Defendant Hutaoli.

35.     Upon information and belief, Defendant Li's Partner performed the same duties as the "Big Boss" whenever Defendant Mr. You was absent at Hutaoli and/or whenever Defendant Mr. You was out of state traveling to China.

36.     Upon information and belief, Defendant Li's Partner manages and makes all business decisions of the Corporate Defendant, including, but not limited to, the hiring and firing of the employees, the amount of salary the employees receive, and the number of hours the employees work.

***Defendant Shuai Zhang ("Defendant Shuai Zhang")***

37.     Upon information and belief, Defendant Shuai Zhang (hereafter, "Shuai Zhang"), is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporations during the relevant time period, and he is sued individually. Defendant Shuai Zhang has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Defendant Shuai

Zhang has a prominent role in the setting of salaries for Corporate Defendant' employees, together with Defendants Mr. Yu, Jimmy Li, and Li's Partner.

38.     Upon information and belief, Defendant Shuai Zhang has an ownership interest in the Corporate Defendant, and he is a manager and supervisor of all his employees and the employees of the Corporate Defendant.

39.     Defendant Shuai Zhang is known to Plaintiff to be an "accountant" of Defendant Hutaoli.

40.     Upon information and belief, Defendant Shuai Zhang is a one of the signatories of the Corporate Defendant Hutaoli, together with Defendants Mr. Yu, Jimmy Li, and Li's Partner.

41.     Plaintiff was "employee" of Individual Defendants, Mr. Yu, Jimmy Li, Li's Partner, and Shuai Zhang, within the meaning of 29 U.S.C § 203 (e)(1) and NYLL § 190(2).

42.     Plaintiff was "employees" of Corporate Defendant, Hutaoli, within the meaning of 29 U.S.C § 203 (e)(1) and NYLL § 190(2).

43.     Defendants Mr. Yu, Jimmy Li, Li's Partner, and Shuai Zhang and the Corporate Defendant, through Individual Defendants, controlled the hours, the task assignments and the overall work associated with Plaintiff's work at the business premises of Hutaoli.

44.     Defendants Mr. Yu, Jimmy Li, Li's Partner, and Shuai Zhang, and Corporate Defendant through Individual Defendants, controlled the terms and conditions of Plaintiff's employment and are thus "employers" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

45.     Defendants operate the restaurant, Hutaoli, where the Plaintiff worked. At all relevant times, Individual Defendants Mr. Yu, Jimmy Li, Li's Partner, and Shuai Zhang possess or possessed operational control over Corporate Defendant; possess or possessed an ownership interest in Corporate Defendant; and control or controlled significant functions of Corporate Defendant.

46.     Corporate Defendant and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

47.     At relevant times, Corporate Defendant possessed substantial control over Plaintiff's and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

48.     Corporate Defendant employed Plaintiff, and all similarly situated individuals, and is Plaintiff's and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

49.     Upon information and belief, Individual Defendants operate Corporate Defendant as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

      a.   failing to adhere to the corporate formalities necessary to operate Corporate Defendant as a Limited Liability Company;

      b.   defectively forming or maintaining the business entity of Corporate Defendant, by, amongst other things, failing to hold annual meetings or maintaining appropriate business records;

    c.   transferring assets and debts freely as between all Defendants;

    d.   operating Corporate Defendant for his/her/their own benefit as the member(s);

    e.   operating Corporation Defendant for his/her/their own benefit and maintaining control over this limited liability company as closely controlled entity;

    f.   intermingling assets and debts of his/her/their own with Corporate Defendant;

    g.   diminishing and/or transferring assets of Corporate Defendant to avoid full liability as necessary to protect their own interests, and

    h.   Other actions evincing a failure to adhere to the limited liability company form.

50.    At all relevant times, Individual Defendants were Plaintiff's employers within the meaning of the FLSA, NYLL and other law.

51.    Individual Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

52.    Individual Defendants supervised Plaintiff's work schedules and conditions of their employment.

53.    Individual Defendants also determined the rate and method of payment for Plaintiff and other similarly situated employees.

54.    Individual Defendants also controlled and guided what limited recordkeeping that took place which Plaintiff contend is deficient pursuant to FLSA and NYLL requirements.

### ***Plaintiff Yang Zeng***

55.    Plaintiff was employed by Defendants as a restaurant server at Defendants' Chinese restaurant, Hutaoli, located at 42 W. 33rd St., New York, NY 10001 from January 7, 2021 to approximately December 11, 2021.

56.     Upon information and belief, Defendant Hutaoli has or had approximately 20-25 employees, in addition to the approximately 12 other employees who worked in the kitchen.

57.     Upon information and belief, Defendant Hutaoli maintains its kitchen in the basement of the business site and serves dishes to the customers at the "main" dining area located on the 1st floor, as well as at the 2nd floor small-dining area in the business site.

58.     Once the food is prepared in the kitchen, the "runner/busboy" employees pick up the dishes at the kitchen and deliver them to the restaurant servers in the upstairs-dining area(s).

59.     Defendants required the Restaurant's servers to perform various duties to meet the customers' and Hutaoli's needs including but not limited to, delivering food dishes to the tables, hosting customers, and organizing condiments and alcoholic beverages to ensure the Restaurant runs smoothly. Upon information and belief, Defendants selected the "capable" Restaurant servers who were able to perform their primary duties as a restaurant server while accommodating the customers' and Restaurants' *other* needs without causing "too much trouble." Then, Defendants consistently and repetitively required that restaurant servers perform additional duties throughout their employment.

60.     During Plaintiff's employment as a restaurant server, she worked in the 1st floor dining area at Hutaoli. Plaintiff was responsible for receiving the dish(es) from the "runner" when he or she delivered the dish(es) from the kitchen to the dining area and served the dish(es) to the customers at Hutaoli.

61.     Upon information and belief, Plaintiff was one of the "capable" restaurant servers and was required to perform the additional duties while she was employed as a restaurant server at Hutaoli.

62.     After Defendants' former store manager conducted Plaintiff's interview,

Defendants hired Plaintiff to work at their Chinese restaurant, Hutaoli, as a restaurant server.

63.     During Plaintiff's employment with Defendants, Plaintiff worked under the direct supervision of Defendants Jimmy Li and Li's Partner on a daily basis at the worksite. Defendant Mr. You was also physically present at Hutaoli on a daily basis, except for the days that he was out of country, and directly managed and supervised the employees including Plaintiff.

64.     Defendant Shuai Zhang exercised his authority and discretion to set and re-set the employees' rate of pay, including Plaintiff's together with Defendants Mr. You, Jimmy Li, and Li's Partner.

65.     Plaintiff did not work at her own convenience, having to report to work according to a schedule set by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at her pleasure but rather was controlled by Defendants.

66.     Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as a "professional," "executive" or even "administrative" position, as Plaintiff's employment for Defendants was physical labor.

67.     Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b).

68.     Plaintiff regularly handled goods in interstate commerce, such as produce, dishware sets, and other business inventory that were produced outside of the State of New York.

69.     Plaintiff's work duties required neither discretion nor independent judgment.

70.     Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked in excess of 40 hours per week.

***Plaintiff's Work Schedule***

71.     As a restaurant server, Plaintiff's work shift lasted for approximately (11) hours per each work-day for five (5) to six (6) days per week on average.

72.     On the days that Hutaoli's customers stayed after the Restaurant's closing time, Plaintiff was still required to wait until all of the customers finished eating and had to clean the tables after they left the Restaurant.

73.     While Plaintiff was working at Hutaoli, Defendants did not provide her any uninterrupted break.  Plaintiff was occasionally allowed to have a 30-minute lunch break, but her break was always interrupted or sometimes, Plaintiff did not have any time to eat at all during her shift.

74.     In the beginning of Plaintiff's employment, from January 7, 2021 until March 6, 2021, she worked over (11) hours per day from 11:00 am to 10:05pm – 10:20 pm for three (3) to five (5) days per week on Wednesday, Thursday, Friday (if she worked 3 days per week) or from Monday through Friday (if she worked 5 days per week) each week. As such, Plaintiff worked approximately between (33) – (55) hours per week during this period.

75.     Thereafter, from March 7, 2021 to approximately December 11, 2021, Plaintiff worked, on average, (11) – (14) hours per day (i.e., from 11:00 am to 10:05 pm – 10:20 pm; from 12:00 pm to 12:00 am – 2:00 am; from 4:00 pm to 12:00am – 2:00 am; from 5:00 pm to 12:00am – 2:00 am; or 6:00 pm to 12:00am – 2:00 am) for five (5) to seven (7) days each week. As such, Plaintiff worked approximately (55) – (60) hours per week as a restaurant server during this period.

76.     Since March 2021, Defendants required Plaintiff to perform a clerical duty in addition to working as a restaurant server.

77.     Plaintiff worked more than an additional (5) hours per week on average, outside her regular scheduled shift for Defendants. Defendants required Plaintiff to enter the Hutaoli employees' records reflecting their working hours and the amount of credit card tips, including Plaintiff's, to the sheet labeled as "Hour & Tip Records" (e.g., clerical work) on a weekly basis.

Then, Plaintiff was required to print out the "Hour & Tip Records" sheet and provide it to Defendants by presenting the sheet to one of Defendant(s)' accountants.

78.    Defendants did not provide Plaintiff any time to perform the clerical duties during her regular scheduled shift as a restaurant server. Because Defendants required all of the restaurant servers to stand-by at the 1st floor dining area to promptly serve their customers, Plaintiff had to come to the restaurant before her shift began or on her "off" days to finish the clerical work that Defendants required.

79.    Plaintiff was not allowed, and was unable to, record her time that she spent for performing the clerical task outside Plaintiff's regular scheduled shift at Hutaoli.

80.    Only to take advantage of Plaintiff to-the-max, Defendants further reduced Plaintiff's already reduced hours reflected in the "Hour & Tip Records" sheets and failed to pay her all the hours she worked.

81.    Upon information and belief, Defendants regularly, customarily, and willfully reduced the employees' working hours despite that Plaintiff typed the correct number of hours that Hutaoli employees recorded.

82.    Upon information and belief, Defendants and their accountant(s) had access to the employees' pay records and continuously manipulated the employees' hours to further reduce the number of hours that the employees actually worked.

***Plaintiff's Pay***

83.    During Plaintiff's employment, except for the period from November 7, 2021, to November 20, 2021; and from November 28, 2021 to December 11, 2021, Defendants set Plaintiff's fixed hourly rate at $18.00 per hour. However, Defendants arbitrarily reduced Plaintiff's

actual working hours and paid her at the fixed hourly rate only for the hours Defendants unilaterally determined.

84.     From January 7, 2021 to November 6, 2021, Plaintiff received a fixed hourly rate of $18.00 per hour for the hours Defendants unilaterally determined on a weekly basis, regardless of how many hours she actually worked.

85.     From November 7, 2021 to November 20, 2021, Defendants unilaterally reduced Plaintiff's $18.00 fixed hourly rate to $15.00.  Defendants again, unilaterally reduced the actual number of hours Plaintiff worked and paid Plaintiff at a $15.00 hourly rate for the reduced number of hours Defendants unilaterally determined.

86.     From November 21, 2021 to November 27, 2021, Plaintiff received a fixed hourly rate of $18.00 per hour for the hours Defendants unilaterally determined on a weekly basis, regardless of how many hours she actually worked.

87.     From November 28, 2021 to December 11, 2021, Defendants again reduced Plaintiff's fixed hourly rate to $15.00 and paid her at the $15.00 hourly rate for the reduced number of hours Defendants unilaterally determined.

88.     During Plaintiff's employment, Plaintiff was required to record her (reduced) working hours for the hours that she worked on her regular shift before the Restaurant's closing time.

89.     Upon information and belief, Defendant You and his sister further arbitrarily reduced the (already-reduced) number of hours Plaintiff worked.

90.     During Plaintiff's employment, Defendants failed to pay her on a timely basis. Instead, they paid her in every 2-3 weeks or even 4-5 weeks whenever they felt like paying Hutaoli's employees, including Plaintiff.

91.     At all relevant times, Defendants never provided an accurate wage statement to Plaintiff.

92.     Defendants failed to pay Plaintiff at least minimum wage for each hour Plaintiff worked specifically for the period(s) in March 2021 and December 2021 as required by state law.

93.     Defendants failed to pay Plaintiff appropriate overtime compensation as required by federal and state laws when they required her to work in excess of 40 hours a week.

94.     Defendants did not give any notice to Plaintiff in English, and in her primary language, of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

95.     Defendants did not provide Plaintiff an accurate statement of wages, as required by NYLL 195§ (3).

96.     Defendants did not pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowance for each day Plaintiff's spread of hours exceeded ten hours.

*Defendants' General Employment Practices*

97.     Defendants regularly require Plaintiff to work in excess of forty (40) hours per week without paying her appropriate minimum wage, overtime compensations or spread of hours compensation as required by federal and state laws.

98.     Plaintiff was victim of Defendants' common policy and practices which violate her rights under the Fair Labor Standards Act and New York Labor Law, by *inter alia,* not paying her the wages she was owed for the hours she worked.

99.     Defendants' pay practices resulted in Plaintiff not receiving payment for all her hours worked and resulted in Plaintiff's effective rate of pay failing below the required minimum wage rate.

100.     Defendants habitually required Plaintiff to work additional hours beyond her regular shift but did not provide her with any additional compensation.

101.     Defendants' time keeping system did not reflect the actual hours that Plaintiff worked.

102.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

103.     Defendants paid Plaintiff her wages by direct deposit.

104.     By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

105.     Defendants failed to post required wage and hour posters and did not provide Plaintiff with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

106.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

107.     Defendants did not provide Plaintiff, and similarly situated employees, with the wage statements and annual pay notices required by NYLL § § 195(1) and 195(3).

108.     Defendants failed to provide Plaintiff and other employees with accurate wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or

rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as require by NYLL § 195(3).

109.    Defendants failed to provide Plaintiff and other employees, at the time of hiring a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as require by New York Labor Law § 195(1).

## COLLECTIVE ACTION ALLEGATIONS

110.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to Plaintiff or other similarly situated employees.

111.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

112.   Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

113.   Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants as a restaurant server at each of their business location for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members" or "Hutaoli Restaurant Server"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

114.   Upon information and belief, the Collective Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

115.   Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment

law and collective action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

116.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

117.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

118.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

   a.  Whether the Defendants employed Collective Action members within the meaning of the FLSA;

   b.  Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the NYLL and the regulations promulgated thereunder;

   c.  Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d.   Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

e.   Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

f.   Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

g.   Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

h.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

119.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

120.   Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

**STATEMENT OF CLAIM**

**COUNT I**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

121.   Plaintiff, on behalf of herself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

122.   Defendants employed Plaintiff and the Collective Action Members for

workweeks longer than forty (40) hours and willfully failed to compensate them for all their time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the FLSA.

123.   Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

124.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Collective Action Members.

125.   Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

126.   Due to Defendants' violations of the FLSA and Plaintiff the Collective Action Members are entitled to recover their unpaid overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violations of the Fair Labor Standards Act—Minimum Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

127.   Plaintiff, on behalf of herself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

128.   At all times relevant, Plaintiff the Collective Action Members were each an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

129.   At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Member and engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

130.    Defendants have failed to pay Plaintiff the Collective Action Members' minimum wages to which they are entitled under the FLSA.

131.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

132.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Collective Action Members.

133.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

134.    Due to Defendants' willful violations of the FLSA, Plaintiff the Collective Action Members have suffered damages by being premium overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**COUNT III**
**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of Plaintiff]**

135.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

136.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

137.    At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

138.    Defendants have failed to pay Plaintiff the minimum wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

139.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

140.    Due to defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff]

141.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

142.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

143.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

144.    Defendants have failed to pay Plaintiff's premium overtime wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations at the rate of time and one half for all hours worked in excess of 40 hours per week.

145.    Defendants' failure to pay Plaintiff's overtime compensation was not in good faith.

146.    Due to defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT V**
**[Violation of New York Labor Law—Spread of Hour Pay**
**Brought on behalf of Plaintiff]**

147.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

148.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL § § 190, et seq., and § § 650, et seq., and New York State Department of Labor regulations § 146-1.6.

149.    Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

150.    Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

151.    By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated § 650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. § 146-1.6.

152.    Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial

**COUNT VI**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement**
**Brought on behalf of Plaintiff]**

153.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

154.     Defendants have willfully failed to supply Plaintiff with a wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiff as her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

155.     Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

156.     Due to defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL  § 198(1-d).

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement
### Brought on behalf of Plaintiff]

157.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

158.    Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, §195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

159.    Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §190 *et seq.*, and the supporting New York State Department of Labor Regulations.

160.    Due to Defendants' violation of NYLL §195(3), Plaintiff is entitled to recover from the Defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL §198(1-d).

### COUNT VIII
**[Violations of the Fair Labor Standards Act— Failure to Timely Pay Wages Brought on behalf of the Plaintiff and the FLSA Collective]**

161.    Plaintiff, on behalf of herself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

162.    Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff and the Collective Action Members their wages for all hours worked each workweek on the regular payday for the pay period in which the workweek ended.

163.    Defendant's conduct was willful and lasted for the duration of the relevant time period.

164.    Defendant's conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

165.    Due to Defendants' violations of the FLSA, Plaintiff and the Collective Action Members are entitled to recover from Defendants, jointly and severally, liquidated damages equal to the wages of each Plaintiff or the Collective Action Member, together with costs and attorneys' fees.

**COUNT IX**
**[Violation of the New York Labor Law - Frequency of Payment**
**Brought by Plaintiff]**

166.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

167.    Throughout the period covered by the applicable statute of limitations, Plaintiff was not provided with payment for their wages for all hours worked each workweek at least as frequently as semi-monthly, in violation of NYLL § 191 on the regular payday for the pay period in which the workweek ended.

168.    Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff at least as frequently as semi-monthly.

169.    Defendant's conduct was willful and lasted for the duration of the relevant time period.

170.    Defendants conduct was in violation of the NYLL.

171.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, liquidated damages equal to the wages of Plaintiff, together with costs and attorneys' fees.

**Prayer for Relief**

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, prays for the following relief:

a)      An order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Members for participation in any form in this litigation;

b)       Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

c)      Designation of this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

d)      Unpaid wages, including but not limited to unpaid minimum wage, overtime compensations, and unpaid wages owed at their agreed upon rates of pay, pursuant to the NYLL and New York Department of Labor Regulations, plus an equal amount in liquidated damages;

e)      Damages pursuant to New York Labor Law § § 195(1), (3), and 198;

f)      Pre- and post-judgment interest as permitted by law;

g)      All attorneys' fees incurred in prosecuting these claims;

h)      All costs incurred in prosecuting these claims; and

i)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York     **SEO LAW GROUP, PLLC**
   August 21, 2022

           By:  /s/ Diana Seo
              Diana Seo, Esq.
              136-68 Roosevelt Ave., Suite 726
              Flushing, New York 11354
              Telephone: (718) 500-3340
              Email: diana@seolawgroup.com
              *Attorneys for Plaintiff*

## <u>DEMAND TO PRESERVE EVIDENCE</u>

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

Dated: August 21, 2022

**EXHIBIT 1**

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against USA QR Culture Industrial Development LLC, to recover unpaid wages as required under state and/or federal law. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiff(s) concerning this action. I hereby authorize Seo Law Group, PLLC to represent me in this case, and I agree to be bound by its terms.

_____
Full Legal Name (Print)

_____
Signature

_____
Date