## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement and Release") is made and entered into this 15th day of September 2023, by and between Yang Zeng (referred to hereafter as "Plaintiff"), and USA QR Culture Industrial Development LLC ("Hutaoli"), Wei You, Qun Ce Li, John Doe, and Shuai Zhang (referred to collectively, individually and/or any combination thereof, hereafter as "Defendants").  Plaintiff and Defendants are referred to hereafter as the "Parties."

**WHEREAS**, the Plaintiff is a former employee of Hutaoli;

**WHEREAS**, on August 21, 2022, Yang Zeng "individually and on behalf of all other employees similarly situated," commenced an action entitled *Zeng et al v. USA QR Culture Industrial Development LLC et al* by filing a complaint with the United States District Court for the Southern District of New York, Case No. 22-cv-07132 (AT) ("Action"), alleging that Defendants: (i) failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and applicable state laws of New York; (ii) failed to pay minimum wages in violation of the FLSA and applicable state laws of New York; (iii) failed to pay spread of hours pay in violation of the New York Labor Law ("NYLL"); (iv) failed to furnish proper wage notices and wage statements in violation of the NYLL;  and (V) failed to timely pay wages in violation of the FLSA and NYLL;

**WHEREAS**, on February 6, 2023, Defendants timely filed an Answer to the Complaint denying all of the material allegations contained in the Complaint and asserting several defenses to the claims asserted therein; and

**WHEREAS**, Plaintiff has not moved for certification of a collective action pursuant to Section 216(b) of the FLSA or class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and the Court has not otherwise certified a collective or class action pursuant to Section 216(b) or FRCP Rule 23; and

**WHEREAS**, in the negotiation and execution of this Agreement and Release, Plaintiff has been represented by their counsel, Robert Jun and Diana Y. Seo, Seo Law Group, PLLC, 136-68 Roosevelt Avenue, Suite 726, Flushing, NY 11354, 718-500-3340; and

**WHEREAS**, in the negotiation and execution of this Agreement and Release, Defendants have been represented by their counsel, Kerry Burns, Ogletree, Deakins, Nash, Smoak & Stewart P.C., 599 Lexington Avenue, 17th Floor, New York, New York 10022, email kerry.burns@ogletree.com; telephone number (212) 492-2069; facsimile number (212) 492-2501 ("Defendants' Counsel"); and

**WHEREAS**, Plaintiff acknowledges that she has entered into this Agreement and Release knowingly, freely and voluntarily without duress, threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that her counsel has explained to her the meaning and effect of the execution of this Agreement and Release and, therefore, Plaintiff acknowledge that she understands the meaning and effect of her individual execution of this Agreement and Release.

**NOW, THEREFORE**, in consideration of the promises, mutual representations, covenants, assurances, and warranties set forth herein, the sufficiency and receipt of which is hereby acknowledged, the undersigned do hereby agree to be bound by the following terms and conditions:

1.        This Agreement and Release is solely for the compromise of disputed claims, to avoid expense, and to terminate the Action with prejudice.  Neither the negotiation, undertaking, agreement, nor execution of this Agreement and Release shall constitute or operate as an acknowledgment or admission of any kind by Defendants that they have: (a) committed any

unlawful, unprofessional, unethical or discriminatory practice; (b) violated any federal, state or local statute, rule or regulation; and/or (c) breached any obligation to Plaintiffs or otherwise incurred any liability to Plaintiffs. Defendants deny any wrongdoing and the worthiness of any claim asserted in the Action or elsewhere by Plaintiffs.

2.         In full settlement of the Action, Plaintiff, in her individual capacities and/or as members of any class, hereby voluntarily, irrevocably and unconditionally release and forever discharge Defendants, their parent, subsidiary, affiliate, predecessor and successor entities, as well as any assigns, officers, directors, trustees, administrators, agents, employees, attorneys and insurers (referred to collectively, individually and/or any combination thereof, hereafter as "Releasees") from any (i) any and all claims under the Fair Labor Standards Act ("FLSA"), or the regulations thereunder, arising on or before the execution of this Agreement and Release; (ii) any and all claims under the New York Labor Law ("NYLL"), or the regulations or wage orders thereunder, arising on or before the execution of this Agreement and Release; and (v) any and all other statutory or common law claims relating to the material allegations asserted in the Action, including, but not limited to, claims for unpaid compensation related to their employment, claims for failure to provide wage notices and wage statements, breach of contract, unjust enrichment and promissory estoppel, arising on or before the execution of this Agreement and Release. Plaintiff agrees not to sue the Releasees, either in their individual capacities and/or as a members of any class, based on any of the foregoing released claims. Nothing in this Agreement and Release shall constitute a waiver of any rights to enforce the terms of this Agreement and Release, or a waiver of claims that cannot be waived legally, or a waiver of claims that arise after the execution of this Agreement and Release.

3.          Plaintiff acknowledges and understands that by executing this Agreement and Release she, either in her capacity as an individual or as a member of any class, cannot file in the future any claim, grievance and/or demand for arbitration or bring any action, lawsuit, charge or proceeding based on any of the claims released by this Agreement and Release.

4.          In exchange for the releases and promises contained in this Agreement and Release, and in full settlement of the Action, Hutaoli agrees to pay the total gross sum of $30,000.00 (hereinafter, "Settlement Payment"), with two checks delivered to Seo Law Group, PLLC, 136-68 Roosevelt Avenue, Suite 726, Flushing, NY 11354, allocated as follows:

A.          A check made payable to "Seo Law Group, PLLC" , in the amount of $10,693.08, from which there shall be no withholding or deductions, as payment of any and all attorneys' fees, costs and disbursements incurred by Plaintiff in connection with the Action;

B.          One check made payable to "Yang Zeng" in the amount of $19,306.92, from which there shall be standard withholding and deductions and for which an IRS Form W2 will be issued, in settlement of claims for unpaid wages.

Hutaoli agrees to transmit the Settlement Payment to Plaintiff's counsel within thirty (30) days after all of the following have occurred: (i) Defendants' counsel receives this Agreement and Release executed by Plaintiff; (ii) counsel for Defendants receives completed and signed IRS Form W-4s for the Plaintiff and  IRS Form W-9s for the Plaintiff and her counsel; and (iii) the Court approves this Agreement and Release in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). In the event Defendants fail to remit the Settlement Payment when due as set forth above, Plaintiff may issue a notice of default ("Default Notice") to Defendants' Counsel via email. Following issuance of the Default Notice, Defendants agree to remit the full Settlement Payment, or whatever is remaining of the Settlement Payment that has not yet been paid, within five

(5) business days.  In the event that Defendants do not deliver the full Settlement Payment within five (5) business days after the issuance of the Default Notice, Plaintiff shall have the right to recover reasonable attorneys' fees to be determined by the Court, costs and disbursements incurred in enforcing the payment obligations under this Agreement.

5.        Plaintiff hereby acknowledges that the payments provided in enumerated Paragraph 4 of this Agreement and Release are not otherwise an obligation of Releasees and are offered solely in consideration of their execution of this Agreement and Release.

6.        Plaintiff hereby represents that she understands the meaning and effect of this Agreement and Release.  Plaintiff further represents that she has been given sufficient opportunity to consult with her counsel and reflect upon their decision to enter into this Agreement and Release, and that she has voluntarily and freely entered into this Agreement and Release.

7.    Counsel for Plaintiff and counsel for Defendants shall execute the Stipulation of Dismissal with Prejudice attached hereto as Exhibit A simultaneously with the execution of this Agreement, which shall be held in escrow.  Either party may file the Stipulation of Dismissal with Prejudice solely upon written confirmation from Plaintiff's counsel that the full Settlement Payment has been received and the funds have cleared.

8.        This Agreement and Release contains the entire understanding of the parties hereto with respect to the subject matter contained herein.  There are no restrictions, promises, warranties, covenants, or undertakings, other than those expressly set forth or referred to herein. This Agreement and Release may be amended only by an instrument in writing executed by the Parties and when so executed such instruments shall become part of this Agreement and Release.

9.        If any of the provisions, terms, clauses, waivers, or releases of claims or rights contained in this Agreement and Release are declared illegal, unenforceable or ineffective

DocuSign Envelope ID: 6E387E34-4569-468D-9944-6767D3EE536C

in a court of competent jurisdiction, then such provisions, terms, clauses, waivers or releases of claims or rights shall be deemed severable, such that all other provisions, terms, clauses, waivers and releases of claims and rights contained in this Agreement and Release shall remain valid and binding upon the Parties.

10.     The Agreement and Release may be executed in counterpart by each party and each executed Agreement and Release, when taken together, shall constitute a complete Agreement. An executed copy of this Agreement and Release, transmitted by facsimile or e-mail shall be accepted and enforceable as if it were an original.

11.     Any claim or controversy arising out of or related to this Agreement and Release or the interpretation thereof may be brought in a court of competent jurisdiction in the state of New York. Any party that breaches any part of this Agreement shall be liable for reasonable attorneys' fees, to be determined by the Court, incurred in connection with the enforcement of this Agreement..    The Parties agree that, irrespective of the outcome of any court proceeding conducted hereunder, in all circumstances the Release embodied in this Agreement and Release shall survive and continue in full force and effect.

12.     The governing law of this Agreement and Release shall be the substantive and procedural laws of the State of New York, without regard to its conflict of law provisions.

**USA QR Culture Industrial Development LLC.**

By: _____     09/15/23
                                 Date

_____     09/16/23

**YANG ZENG**                 Date

6

# <u>EXHIBIT A</u>

DocuSign Envelope ID: 0E...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANG ZENG, individually and on behalf all other
employees similarly situated,

Plaintiff,

-against-

USA QR CULTURE INDUSTRIAL DEVELOPMENT
LLC D/B/A HUTAOLI MUSIC RESTAURANT & BAR
A/K/A HUTAOLI, WEI YOU A/K/A MR. YOU, QUN CE
LI A/K/A JIMMY LI, JOHN "DOE" (REAL NAME
UNKNOWN) A/K/A QUN CE LI'S PARTNER, AND
SHUAI ZHANG,

Defendants.

Case No. 1:22-cv-07132 (AS)

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys

of record for the parties to the above-entitled action, that this action shall be, and hereby is,

dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Dated:  New York, New York
September 18, 2023

_____
Robert Jun
**Seo Law Group, PLLC**
136-68 Roosevelt Avenue
Suite 726
Flushing, NY 11354
718-500-3340
Email: robert@seolawgroup.com
*Attorneys for Plaintiff*

Dated: New York, New York
September 14, 2023

_____
Kerry A. Burns
**OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.**
599 Lexington Avenue, 17th Floor
New York, NY 10022
(212) 492-2510
*Attorneys for Defendants*

SO ORDERED:

_____

57691504.v4-OGLETREE